UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* BRENDA KING | Case no. |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| NOVUM STRUCTURES LLC | Filed Under Seal |
| Defendant. | 31 U.S.C. § 3730(b)(2) |

**COMPLAINT AND JURY DEMAND**
False Claims Act

The United States of America, by and through *qui tam* originating relator Plaintiff Brenda King ( "Relator" or "King"), brings this action pursuant to the False Claim Act ("FCA"), 37 United States Code § 3729, *et seq.,* through her attorneys Brian H. Mahany and Mahany & Ertl, and declares the following to recover all damages, penalties, and other remedies established by the FCA caused by Defendants' submission of false and fraudulent records, claims, statements and representations made, used and caused to be made to the United States Government under the Buy American Act, 41 U.S.C. § 10a *et seq*., the Buy America Act, 49 U.S.C. § 5323(j) and the American Recovery and Reinvestment Act.

**INTRODUCTION**

1. In 1933, Congress passed the Buy American Act that generally requires the federal government to prefer American made products in its purchases.

2. The Buy America Act was enacted in 1983 and was a made part of the Surface Transportation Assistance Act of 1982. This law requires mass-transit-related

procurements valued in excess of $100,000 and which receive funding from the Federal Transit Authority or the Federal Highway Administration to be American made.

3. The American Recovery and Reinvestment Act of 2009 ("ARRA") was passed in February of 2009. Its purpose is to preserve and create jobs, promote economic recovery, assist those impacted by the recession and invest in transportation and other infrastructure. § 1605 of the ARRA requires manufactured goods and iron used in any projects funded by ARRA stimulus monies be produced in the United States.

4. Collectively, the three Acts are referred to in this complaint as "the Acts."

5. These Acts were enacted to stimulate the American economy and keep valuable manufacturing and steel producing jobs in the United States. Government officials estimate that tens of thousands of jobs were retained because of these laws.

6. Defendant Novum Structures LLC ( "Novum") produces and constructs architectural structures for clients throughout the United States. Many of their projects are public works projects for government entities and rely on federal funding. Such projects include, but are not limited to, the United States Courthouse in Rockford, Illinois; street car expansion for the New Orleans Regional Transit Authority and the Miami Intermodal Center for the Florida Department of Transportation. The government contracts associated with these projects expressly require the use of U.S.-made steel and products by virtue of one or more of the laws listed above.

7. In fact, much of the steel and goods so certified by Novum to be used in these projects were manufactured or produced outside the United States in violation of federal law and of the individual federal procurement contracts.

8. Instead of providing much needed opportunities for American workers in a time of great need and high unemployment, Novum orchestrated a complex scheme designed to mislead the government and taxpayers, and deprive American workers, all while enriching themselves.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Relator establishes subject matter jurisdiction under 31 U.S.C. § 3730(b).

10. Under 31 U.S.C. § 3730(e), there has been no statutorily-relevant public disclosure of the allegation or transactions in this Complaint with respect to which King is not an "original source," and all material information relevant to this Complaint was provided to the United States Government prior to filing his Complaint pursuant to 31 U.S.C. § 3730(e)(4)(B).

11. This Court has personal jurisdiction over Defendant and venue is proper pursuant to 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a). Moreover, the Defendant's principal place of business is within this District.

## THE PARTIES

12. Relator King is a resident of Hubertus, Wisconsin and was employed as an expediter by Defendant Novum. She was originally employed by Novum in June

of 2004 and worked there continuously on a full-time basis until March of this year, 2012. While employed there, King witnessed the fraud alleged in this Complaint and is the original source of this information.

13. Defendant Novum is a Delaware limited liability company with its principal place of business at W126 N8585 Westbrook Crossing, Menomonee Falls, WI 53051.

14. Novum has been in business for over 20 years. It claims to have performed thousands of projects around the world, many of them overseas.

## FACTS

15. Novum has performed work on several government-funded projects. Although usually acting as a subcontractor, it remains subject to the Buy American Act on such contracts and the Buy America Act and ARRA on certain transportation projects.

16. One such project in which Novum participated involved the Miami Intermodal Center, a massive ground transportation hub located adjacent to the Miami International Airport, which was commissioned by the Florida Department of Transportation and utilized funding from the federal government. As such, vendors are required to provide components and materials produced in the United States unless waivers are obtained.

17. Upon information and belief, no such waivers were obtained and Novum used materials produced in the People's Republic of China and Italy in direct violation of the applicable Acts. The goods provided for this project were delivered in or around 2011.

18. The total contract amount awarded to Novum for that project was $1,460,000.00. A new contract for the Miami Intermodal center valued at an additional $13,500,000 has been awarded to Defendant and much of the components for that job were already fabricated and shipped. Upon information and belief, many of these components were manufactured in The People's Republic of China. Just as in the 2011 Miami Intermodal Center project, many of the components were manufactured outside the United States and without waivers, all in violation of U.S. law.

19. Upon information and belief, Novum has a contract to assist in the expansion of New Orleans street car system. The street car project is commissioned by the New Orleans Regional Transit Authority and utilizes funding from the federal government. Much of that funding has been in the form of federal stimulus monies in the wake of Hurricane Katrina. As such, vendors are required to provide components and materials produced in the United States unless waivers are obtained.

20. Upon information and belief, no such waivers were obtained and Novum used materials produced in The People's Republic of China and Germany in direct violation of the applicable Acts.

21. The total contract amount awarded to Novum for the New Orleans transportation project is $515,000.00.

22. Although the components were fabricated this year, it is unknown if installation is complete.

23. Another such project in which Novum participated is the new United States Courthouse in Rockford, Illinois. The courthouse represents the newest federal courthouse in the Great Lakes and was opened earlier this year and was commissioned by the U.S. General Services Administration. As such, vendors were required to provide components and materials produced in the United States unless waivers are obtained.

24. Upon information and belief, no such waivers were obtained and Novum used materials produced in the People's Republic of China and Germany in direct violation of the applicable Acts. The goods provided for this project were delivered on or about 2010.

25. The total contract amount awarded to Novum for that project was $110,900.

26. Each of the above projects is illustrative of the fraud perpetrated by Novum. The exact amount of foreign made goods that Novum utilized in such projects can only be determined after an audit.

27. These violations hurt the U.S. economy, put legitimate contractors and subcontractors at a competitive disadvantage and constitute a fraud on the American public and workers.

28. Relator frequently spoke with officers and managers of Novum regarding components made outside the United States. On one occasion the president and owner of the company, Ian Collins ("Collins"), discussed Novum's non-compliance with the Buy American Act requirements and laws and specifically told Relator and a production manager that it was the project managers'

responsibility to lie if caught. This conversation took place on or around November 2011.

29. On another occasion, Relator was told by a project manager, Thomas Krause, of the need to falsify records. This conversation took place on or about February of 2012.

30. In November of 2011, Relator was directed by Collins to falsify a quality manual for the Miami Intermodal Center to indicate that the company was following a 100% traceability standard of all components to insure that all components were made in the United States. Kent Anderson, the Vice-President of Finance at the time and presently a co-owner of Novum, and Thomas Dega, a contract review manager, were aware of the falsified quality manual for the Miami Intermodal Center project.

31. In late January of 2012, Ms. King spoke with her manager, Michael Terrain, and complained about having to falsify records for the Miami Intermodal Center project as described earlier herein.

32. Relator observed other employees raise concerns about foreign made goods in contravention of the Acts. In at least two emails employees pointed out that certain components were not made in the United States but were instead made in Canada and Brazil. Upon information and belief, those components were simply given fraudulent Material Test Report numbers and passed off as American made.

33. As an expediter working in Novum's headquarters, Relator observed other employees reboxing foreign made goods into packages that indicate the goods were made in the United States.

# FIRST CLAIM FOR RELIEF
## Violations of the False Claims Act – 31 U.S.C. §§ 3729(a)(1)(A) and (B)

34. Relator incorporates by reference each of the preceding paragraphs of this Complaint.

35. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.,* as amended.

36. By virtue of the acts described above, Defendant knowingly presented or caused to be presented false or fraudulent claims, records or other materials for payment which resulted in millions of dollars of payments of false claims by the government to the Defendants. All such false claims and acts are in violation of the FCA in general and specifically in violation of 31 U.S.C. § 3729(a)(1)(A), as amended.

37. By virtue of the acts described above, the Defendants also knowingly made, used or caused to be made or used, a false record or statement material to a false or fraudulent claim which resulted in millions of dollars of payments of false claims by the government to the Defendants. All such false claims and acts are in violation of the FCA in general and specifically in violation of 31 U.S.C. § 3729(a)(1)(B), as amended.

38. Defendant's actions described above induced the government to pay or approve false or fraudulent claims.

39. Each payment by the United States to Defendant for goods that were certified or represented to be made in conformance with the Buy American Act, Buy America Act or ARRA was a product of a false claim and materially false statements made by Defendant.

40. Because of their fraudulent conduct, the Defendant are ineligible for payments because they, with knowledge and design, were not and are not in compliance with the Acts, regulations and rules and are not in compliance with the various purchase orders requiring use of American made products.

41. The United States, unaware of the falsity and fraudulent nature of Defendant's conduct, paid millions of dollars for products and services that it would not have purchased from Defendant had the government been aware of Defendant's knowing violations of the FCA, the Buy American Act, the Buy America Act and ARRA and the various rules and regulations thereunder.

42. By reason of Defendant's acts, the United States has been damaged and continues to be damaged in substantial amounts to be determined at trial.

43. Pursuant to the FCA, Industries is liable to the United States for treble damage and a civil penalty of not less than $5,500 and not more than $11,000 for each of the false or fraudulent claims herein, plus three (3) times the amount of damages which the United States has sustained because of the Defendant's actions.

## SUMMARY

44. Novum holds itself out to the public, general contractors and the government as an innovative engineering and manufacturing firm that produces goods and materials in the United States and thus provides valuable employment opportunities to hundreds of American workers. Under its current leadership, Novum has become a multi-million dollar company that has lost its way. It has become a virtual criminal enterprise designed to enrich its officers and owners all at the expense of its customers, the United States and its taxpayers.

45. Much of the products made by the company and certified to have been produced in the United States were made in foreign countries such as Brazil, Turkey and the People's Republic of China, among others. Many of the invoices and bills submitted by Novum for payment to the government or to the project manager for payment with federal funds constitute a false claim. Hundreds of thousands of dollars have been paid to the company under the mistaken belief that the company was employing Americans and producing steel and component parts in the United States. The payments received by Novum were obtained through outright fraud and deceit. Because such fraud violates the FCA, Novum is liable to the government and needs to be held accountable to the American taxpayers for its actions.

46. Simply put, Novum has made a mockery of programs designed by Congress to help strengthen the American economy and American workers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, through Relator King, requests the Court for entry of judgment against Defendant and the following relief:

A. That Defendant cease and desist from further violations of the FCA, 31 U.S.C. § 3729 *et seq.,* and the applicable Acts and rules;

B. That the Court enter judgment against the Defendants in an amount equal to three times the amount of damages suffered by the United States because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each false claim or certification;

C. That Relator be awarded the maximum amount allowed pursuant to § 3730(d) of the FCA;

D. That Relator be awarded all costs of this action, including attorneys' fees, costs and expenses pursuant to section 3730(d) of the False Claims Act; and

E. That the United States and Relator be granted such further relief as the court deems, equitable, just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, a jury trial is demanded.

Respectfully submitted on this 20th day of August, 2012

>Mahany & Ertl, LLC
>
>By:__/s/_____
>Brian H. Mahany
>P.O. Box 511328
>Milwaukee WI 53203
>(414) 223-0464
>brian@mahanyertl.com
>Attorneys for Plaintiff-Relator
>Attorneys for Plaintiff